1  Bruce Isaacs, Esq., SBN 100926
      *bisaacs@wymanisaacs.com*
2  WYMAN & ISAACS LLP
3  5757 Wilshire Blvd., Suite 475          **NOTE CHANGES MADE BY THE COURT**
4  Los Angeles, CA 90036
   Bus: (323) 648-4141
5  Fax: (323) 648-4133
6
7  Attorneys for Defendant/Counter-Claimant
   STONY APPAREL CORP. and Defendants KOHL'S DEPARTMENT STORES,
8  INC., THE BON-TON DEPARTMENT STORES, INC. (erroneously sued as THE
9  BON-TON STORES, INC.), MACY'S RETAIL HOLDINGS, INC., THE ELDER-
   BEERMAN STORES CORP., BELK, INC., THE TJX COMPANIES, INC.
10 (erroneously sued as T.J. MAXX, INC.) and DILLARD'S, INC.
11
              **UNITED STATES DISTRICT COURT**
12
13            **CENTRAL DISTRICT OF CALIFORNIA**

14
15 L.A. PRINTEX INDUSTRIES, INC., a  )   Case No.: **CV09-0432 DDP (AGRx)**
   California Corporation              )
16                                     )
17        Plaintiffs,                  )   **[PROPOSED] STIPULATED**
                                       )   **PROTECTIVE ORDER**
18     vs.                             )
19                                     )
   STONY APPAREL CORP., a California )
20 Corporation; KOHL'S DEPARTMENT    )
21 STORES, INC., a Delaware Corporation;)
   MACY'S RETAIL HOLDINGS, INC., a )
22 Delaware Corporation; NORDSTROM, )
23 INC. d/b/a NORDSTROM RACK, a       )
   Washington Corporation; THE BON-   )
24 TON STORES, INC., a Pennsylvania   )
25 Corporation; BELK, INC., a North    )
   Carolina Corporation; T.J. MAXX, INC.,)
26 a Massachusetts Corporation;        )
27 DILLARD'S, INC., an Arkansas       )
   Corporation; and DOES 1 through 10, )
28                                     )

| | |
|---|---|
| 1 | Defendants. )
| 2 | _____ )
| 3 | STONY APPAREL CORP., a California ) Corporation; )
| 4 | )
| 5 | Counter-Claimant, )
| 6 | vs. )
| 7 | )
| 8 | L.A. PRINTEX INDUSTRIES, INC. and ) ROES 1 through 10, inclusive )
| 9 | Counter-Defendant. )

# STIPULATED PROTECTIVE ORDER

1. ## PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or pricing information for which special protection from public disclosure and from use for any purpose other than prosecuting and defending this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled to treatment as confidential under the applicable legal principles. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Local Rule 79-5.1 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2. ## DEFINITIONS

2.1 <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts and outside counsel (and their support staff).

2.2 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, e-mails and other electronic information or data or tangible things) that are produced or generated in disclosures, document productions or responses to discovery in this matter.

/ / /

2.3 <u>"Confidential" Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed.R.Civ.P. 26(c).

2.4 Intentionally deleted.

2.5 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6 <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7 <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential".

2.8 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential".

2.9. <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10 <u>House Counsel</u>: attorneys who are employees of a Party.

2.11 <u>Counsel</u> (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.12 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as

an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes professional consultants retained in connection with this litigation.

2.13 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4. DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5. DESIGNATING PROTECTED MATERIAL

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection.</u>

Each Party or non-party that designates information or items for protection under this Order shall take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party shall also take

care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designations. Except as otherwise provided in this Order or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" on the first page of the document that contains protected material.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced, except that a Party or non-party may designate appropriate material as either "CONFIDENTIAL" prior to the inspection to protect such material from disclosure inconsistent with this Protective Order. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the

1 appropriate legend ("CONFIDENTIAL") on the first page of a document that
2 contains Protected Material.
3     (b) <u>Testimony taken at depositions</u> may be designated as
4 CONFIDENTIAL by making a statement to that effect on the record at any time
5 during the deposition. Arrangements shall be made with the court reporter
6 transcribing such proceeding to separately bind those portions of the transcript
7 containing such information designated as CONFIDENTIAL, or the entirety of the
8 transcript if so designated, and to label such portions accordingly. If there are any
9 disputes about the designation of deposition testimony, counsel shall meet and
10 confer in good faith and, thereafter, if they are unable to resolve the dispute, file a
11 motion with the Court to adjudicate the issue(s).
12     (c) <u>For information produced in some form other than documentary,
13 and for any other tangible items</u>, that the Producing Party affix in a prominent place
14 on the exterior of the container or containers in which the information or item is
15 stored the legend "CONFIDENTIAL".
16
17   5.3  <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent
18 failure to designate qualified information or items as "CONFIDENTIAL" does not,
19 standing alone, waive the Designating Party's right to secure protection under this
20 Order for such material. If material is appropriately designated as
21 "CONFIDENTIAL" after the material was initially produced, the Receiving Party,
22 on timely notification of the designation, must make reasonable efforts to assure
23 that the material is treated in accordance with the provisions of this Order.
24
25 6.  CHALLENGING CONFIDENTIALITY DESIGNATIONS
26   6.1  <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating
27 Party's confidentiality designation is necessary to avoid foreseeable substantial
28 unfairness, unnecessary economic burdens, or a later significant disruption or delay

of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue or e-mails; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3 <u>Judicial Intervention</u>. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule(s) 7 and/or 37 (and in compliance with Civil Local Rule 79-5.1, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7. **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of the Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A) and insurance representatives, if any;

(c) experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, their staff, and professional vendors to whom disclosure is reasonably necessary for this litigation;

                    (f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

                    (g) the author or any recipient of the document or the original source of the information.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.</u>

          If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL", the Receiving Party must so notify the Designating Party, in writing (by e-mail and letter) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

          The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Stipulated Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

          The purpose of imposing these duties is to alert the interested parties to the existence of this Stipulated Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court

BUSTONY APPAREL-L A PRINTEX/STIP PROTECTIVE ORDER FINAL 1-20-10          8

from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. FILING PROTECTED MATERIAL. A Party who wishes, in good faith, to file with the Court any Protected Material other than its own (the "Filing Party"), shall first meet and confer directly (in voice to voice dialogue or e-mails) with the Designating Party. In conferring, the Filing Party shall explain its needs to file the Protected Material and shall give the Designating Party an opportunity to review the Protected Material and explain any special circumstances or concerns regarding the Protected Material and suggest any alternatives to filing the Protected Material. If this meet and confer process does not result in an agreement regarding the Protected Material to be filed, the Filing Party shall allow the Designating Party an opportunity to file a motion, within three (3) days of the failure to agree, with the Court pursuant to Local Rule 79-5.1 to seek an order of the Court that the Protected Material may only be filed under seal. If the Court refuses to grant an order that the

Protected Material may only be filed under seal, such disposition by the Court after noticed motion and an opportunity for all Parties to be heard, shall be final and the Filing Party shall be entitled to file the Protected Material, without sealing, with the Court.

11. <u>FINAL DISPOSITION</u>. Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action and written notice, each Receiving Party must return all Protected Material to the Producing Party or provide a written certification within the sixty day period that all of the Protected Material has been destroyed. Each Receiving Party, however, is entitled to maintain one (1) archival copy of the Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.

12. <u>NON-PARTY PROTECTED MATERIAL</u>.

Should the parties in this case issue any subpoenas to non-parties, the parties agree that any non-parties served with a subpoena may designate as Protected Material any appropriate materials responsive to such a subpoena, and further, the parties may notify any non-party served with a subpoena in this case of this Protective Order.

Furthermore, the parties recognize that there may be produced Protected Material originating with a non-party as to which there exists an obligation of confidentiality. Such material that a party reasonably and in good faith believes is subject to a confidentiality obligation shall be designated as Protected Material and shall be subject to the restrictions on disclosures specified in this Order.

13. **MISCELLANEOUS**

   13.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

   13.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

   13.3 Nothing herein affects in any way the admissibility of any document, testimony, or other evidence at trial or restricts the use of information obtained from investigations, interviews or other sources other than via the discovery process, motion practice or voluntary disclosure of information by any party conducted under the terms of this Protective Order. The court will determine, in its sole discretion, how documents designated as "CONFIDENTIAL" will be treated during the trial of this action.

   13.4 This Protective Order shall bind the parties from the date of their execution of this Protective Order.

   13.5 The Court retains jurisdiction to make such orders as are appropriate concerning this Protective Order and Confidential Information.

   13.6 The parties retain the right to agree to or seek to modify this Protective Order.

/ / /

/ / /

13.7. This Protective Order may be executed in counterparts, each of which shall be deemed part of the original and all of which shall constitute one and the same agreement.

Respectfully submitted,

| DONIGER/BURROUGHS APC | WYMAN & ISAACS, LLP |
|---|---|
| By: /s/<br>Stephen M. Doniger, Esq.<br>Scott A. Burroughs, Esq.<br>Attorneys for Plaintiff,<br>L.A. PRINTEX INDUSTRIES, INC. | By: /s/<br>Bruce Isaacs, Esq.<br>Attorneys for Defendant/Counter-Claimant STONY APPAREL CORP. and Defendants KOHL'S DEPARTMENT STORES, INC., MACY'S RETAIL HOLDINGS, INC., THE BON-TON DEPARTMENT STORES, INC. (erroneously sued as THE BON-TON STORES, INC.), THE ELDER-BEERMAN STORES CORP., BELK, INC., THE TJX COMPANIES, INC. (erroneously sued as T.J. MAXX, INC.) and DILLARD'S, INC. |
| Date: January 21, 2010 | Date: January 21, 2010 |

**IT IS SO ORDERED.**

Dated: January 25, 2010

Hon. ~~Marc L. Goldman~~ Alicia G. Rosenberg
United States Magistrate Judge

BI-STONY APPAREL-LA PRINTEX\STIP PROTECTIVE ORDER FINAL 1-20-10

12

# EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____, have read and fully understand the Stipulated Protective Order (the "Protective Order") in the case entitled L.A. PRINTIEX INDUSTRIES, INC. v. STONY APPAREL CORP., KOHL'S DEPARTMENT STORES, INC., MACY'S RETAIL HOLDINGS, INC., THE BON-TON DEPARTMENT STORES, INC. (erroneously sued as THE BON-TON STORES, INC.), THE ELDER-BEERMAN STORES CORP., BELK, INC., THE TJX COMPANIES, INC. (erroneously sued as T.J. MAXX, INC.) and DILLARD'S, INC., and the related counter-claim, United States District Court for the Central District of California, Central District, Case No. CV09-0432 DDP (AGRx) (the "Lawsuit"). I agree to comply with and be bound by the Protective Order and by such other orders as the Court may make regarding discovery of Confidential Information, as defined in the Protective Order. I agree that I will not disclose, either directly or indirectly, any Confidential Information, as defined in the Protective Order, or the contents thereof, to any person or in any manner not specifically authorized by the Protective Order. I agree that I will not copy or use any Confidential Information except solely for the purposes of the Lawsuit. I will return any Confidential Information and all copies thereof within 60 days of the termination or the final disposition of the Lawsuit, and upon written notice of such request, as set forth in the Protective Order. I agree that I will not distribute copies of, or provide access to, any Confidential Information to any person, either directly or indirectly, except as set forth in the Protective Order. I hereby consent to the jurisdiction of this Court for the purposes of enforcing this Protective Order.

Printed name: _____

Signature: _____  Date: _____

City and State where signed: _____